

**DEPARTMENT OF THE NAVY**
OFFICE OF NAVAL RESEARCH
875 NORTH RANDOLPH STREET
SUITE 1425
ARLINGTON, VA 22203-1995

12 June 2025

John R. Crone
Gordon Rees Scully Mansukhani
721 Depot Drive
Anchorage, AK 99501
Via Email: JCRONE@GRSM.COM

Subject: Decision on Appeal of Termination of Grant N00014-22-1-2844 to Launch Alaska

Dear Mr. Crone—

In my capacity as Grant Appeal Authority for the Office of Naval Research (ONR), I have reviewed Launch Alaska's Appeal of 1 May 2025 under the referenced grant (Grant), by which Launch Alaska requested that ONR reverse the termination of the Grant. For the reasons stated below, ONR sustains the termination and will not reinstate the Grant. `In this decision, I set forth the factual background of the Grant and the termination, identify the grounds of Launch Alaska's Appeal and my decision, and provide the reasons for my decision.

**Factual Background**

ONR awarded the Grant pursuant to Launch Alaska's proposal of 25 April 2022. Through Modification P00002 issued 24 November 2023, the Grant incorporated by reference DOD RESEARCH AND DEVELOPMENT GENERAL TERMS AND CONDITIONS (SEPT 2023).[1] (DOD Terms and Conditions.) The DOD Terms and Conditions provided that:

> These general terms and conditions implement Office of Management and Budget (OMB) guidance, "Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards," published in the Code of Federal Regulations (CFR) at 2 CFR part 200

2 C.F.R. § 200.340 provides:

> (a) The Federal award may be terminated in part or its entirety as follows:
>
> . . . .
>
> (4) By the. Federal agency or pass-through entity pursuant to the terms and conditions of the Federal award, including, to the

---

[1] Available at: https://www.onr.navy.mil/media/document/dod-research-and-development-rd-general-terms-and-conditions-september-2023.

> extent authorized by law, <u>if an award no longer effectuates the program goals or agency priorities</u>.

(Emphasis added.) The DOD Terms and Conditions implemented 2 C.F.R. § 200.340 in Article III. Remedies and termination, Section C. Termination, which provides:

> 1. This award may be terminated in whole or in part as follows:
>
>> a. Unilaterally by the Government. We will provide a notice of termination if we unilaterally terminate this award in whole or in part, which we may do for either of the following reasons:
>>
>>> i. Your material failure to comply with the award terms and conditions. If we terminate the award for that reason, we will report the termination to the OMB-designated integrity and performance system (currently FAPIIS). In accordance with 41 U.S.C. §2313, each Federal awarding official must review and consider the information in the OMB-designated integrity and performance system with regard to any proposal or offer before awarding a grant or contract.
>>>
>>> ii. The program office does not have funding for an upcoming increment if this award is incrementally funded. In that case, the Government's financial obligation does not exceed the amount currently obligated under the award.
>>>
>>> iii. <u>If an award no longer effectuates the program goals or agency priorities</u>.

On 20 January 2025, the Secretary of Defense issued a memorandum with the subject "Continuing Elimination of Wasteful Spending at the Department of Defense."[2] (SecDef Memo.) In the SecDef Memo, the Secretary stated:

> [E]ffective immediately I direct the termination of the following programs, contract, and grants:
>
> . . . .
>
> We identified over $360 million in additional grants across the Department which fund research effort and other activities – in areas of Diversity, Equity, and Inclusion and related social programs, climate change, social science, Covid-19 pandemic response, and other areas – that are <u>not aligned with DoD priorities</u>.

---

[2] Available at: https://media.defense.gov/2025/Mar/20/2003673531/-1/-1/0/CONTINUING-ELIMINATION-OF-WASTEFUL-SPENDING-AT-THE-DEPARTMENT-OF-DEFENSE.PDF.

(Emphasis added.) Launch Alaska's Grant was identified as one of the grants "that are not aligned with DoD priorities." Accordingly, on 20 April 2025, ONR's Grants Officer issued a termination notice pursuant to the DoD Terms and Conditions, and citing to the SecDef Memo.

**Basis of Appeal and Decision**

In the Appeal, Launch Alaska does not directly challenge ONR's authority to terminate a grant pursuant to 2 C.F.R. §200.340. Rather Launch Alaska asserts that the manner by which ONR terminated the grant violated the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) (APA), and that ONR did not comply with the notice requirements of 2 C.F.R. §200.341(a). Launch Alaska requests that ONR rescind the termination of the Grant. For the reasons stated below, ONR will not rescind the termination.

**Rationale**

1. <u>The APA does not apply to the termination of this Grant</u>

The APA does not apply to the termination of Launch Alaska's Grant. Launch Alaska is challenging the termination of the Grant pursuant to its terms and is requesting continued monetary funding. The Appeal is in substance akin to a claim that the government unreasonably terminated a procurement contract for the government's convenience, which would be a matter under the Contract Disputes Act (CDA), over which the Court of Federal Claims (CoFC) has exclusive jurisdiction. *See Dep't of Educ. v. California*, 145 S. Ct. 966 (Apr. 4, 2025).

Further, even in the context of CDA claims concerning unreasonable terminations for convenience, the CoFC will only order reinstatement of the contract in extraordinary circumstances. The CoFC treats unreasonable convenience terminations as breaches of contract, for which the default remedy is damages. In its Appeal, Launch Alaska fails to identify any damages, much less claim damages in a sum certain, which is a requirement for CDA claims. Launch Alaska also fails to provide any basis on which it would be entitled to reinstatement of the Grant even if the Grant Officer had acted unreasonably.

2. <u>The Grant Officer complied with 2 C.F.R. § 200.341(a)</u>

Section 200.341(a) provides:

> The Federal agency or pass-through entity must provide written notice of termination to the recipient or subrecipient. The written notice of termination should include the reasons for termination, the effective date, and the portion of the Federal award to be terminated, if applicable

The Grant Officer's termination notice was in writing and stated that the reason for the termination was that the Grant "no longer effectuates the program goals or agency priorities." Impliedly, the termination was effective the date that Launch Alaska received the notice. The notice stated that the Grant was "hereby terminated," and directed Launch Alaska to "terminate any further actions . . . as of the date of receipt of this notice of termination." Finally, the notice

stated that the Grant was "terminated in its entirety." It thus provided all the information required by Section 200.341(a).

**Final Decision**

This is the Grant Appeal Authority's final administrative decision under Section H of OAR Article IV of the DoD Terms and Conditions and cannot be further appealed within DoD.

Sincerely,

Jamie Thompson
Grant Appeal Authority