John R. Crone
Gordon Rees Scully Mansukhani, LLP
721 Depot Drive
Anchorage, Alaska 99501
Telephone: (907) 223-4316
Email: jcrone@grsm.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LAUNCH ALASKA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF THE NAVY, ) | |
| OFFICE OF NAVAL RESEARCH, ) | Case No. 3:25-cv-00141 |
| ) | |
| Defendant. ) | |

**LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Launch Alaska, by and through its undersigned counsel of Gordon Rees Scully Mansukhani, LLP, hereby files its Motion for a Preliminary Injunction against Defendant Department of the Navy, Office of Naval Research as follows:

**I.     INTRODUCTION**

Launch Alaska is Alaska's first and largest startup accelerator to operate within the state. Launch Alaska is a nonprofit entity that recruits, supports, and works side-by-side with innovative startup companies to develop technology and develop commercial viability. Launch Alaska's mission is to spur innovation, develop and scale infrastructure and energy technology solutions, and support the deployment of these ideas and technologies in challenging environments. Launch Alaska is a partner in the Office of

Naval Research ("ONR") supported ARCTIC program, which stands for "Alaska Regional Collaboration Technology Innovation and Commercialization."

ONR terminated Launch Alaska's Grant Award without any reason. By terminating Launch Alaska's Grant Award with no proper basis, ONR acted arbitrarily and capriciously. When an agency acts arbitrarily and capriciously, it is violating the Administrative Procedure Act ("APA"). Launch Alaska appealed ONR's grant termination through agency procedures but obtained no relief or further explanation of the basis for ONR's actions. As such, ONR arbitrarily and capriciously terminated Launch Alaska's Grant Award in violation of the APA.

Under the APA, Launch Alaska is entitled to seek preliminary and permanent injunctive relief to remedy ONR's unlawful acts, and as such, Launch Alaska requests the Court issue immediate injunctive relief in the form of an order directing ONR to rescind its termination of the Grant Award effective April 30, 2025.

## II. LEGAL STANDARD

Under federal law, a plaintiff must establish four elements to obtain a preliminary injunction.[1] In the Ninth Circuit, a court considers the elements on a sliding scale, such "that a stronger showing of one element may offset a weaker showing of another."[2]

"A plaintiff seeking a preliminary injunction must establish that [it] is (1) likely to succeed on the merits, (2) that [it] is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [its] favor, and (4) that an

---

[1] *Recycle for Change v. City of Oakland*, 856 F.3d 666, 669 (9th Cir. 2017).
[2] *Id.* (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141 Page 2 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 2 of 16

injunction is in the public interest."[3] Thus, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor."[4]

Federal Rule of Civil Procedure 65 governs preliminary injunctions. Rule 65(a)(1) allows for the court to "issue a preliminary injunction only on notice to the adverse party."[5] Rule 65(a)(2) allows for consolidation of the hearing with the trial on the merits: "Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial."[6]

### III. FACTUAL BACKGROUND

Launch Alaska has received grant funding from ONR to assist in completing the work described herein since October 2016, and Launch Alaska's relationship with ONR has been excellent, characterized by the formation of professional bonds and a shared desire to ensure productive and efficient use of federal grant dollars.[7] Part of Launch

---

[3] *Id.* (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)).
[4] *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).
[5] Fed. R. Civ. P. 65(a)(1).
[6] Fed. R. Civ. P. 65(a)(2).
[7] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 40.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141     Page 3 of 16
Case 3:25-cv-00141-GMS     Document 8     Filed 07/03/25     Page 3 of 16

Alaska's efforts have been funded by an ONR grant, first proposed on April 25, 2022, and awarded to Launch Alaska on September 27, 2022 (the "Grant Award").[8]

The Grant Award totaled $4,999,860 to be paid in increments of approximately $1,000,000 over a period of five years spanning October 1, 2022 through September 30, 2027.[9] On March 30, 2023, ONR modified the Grant Award to reflect an incremental payment of $1,000,000 to Launch Alaska and reflected no concerns with Launch Alaska's use of grant money awarded thus far.[10] On November 24, 2023, ONR modified the Grant Award to reflect an incremental payment of $2,999,860, which reflected payment of the remainder of monies due under the Grant Award.[11] Again, ONR reflected no concerns with Launch Alaska's use of grant money as of the date of the second modification.[12]

The second modification to the Grant Award also incorporated new terms and conditions into the Grant Award, specifically, "DOD RESEARCH AND DEVELOPMENT GENERAL TERMS AND CONDITIONS (SEP 2023)" (the "Terms and Conditions").[13] As is relevant to this case, the revised Terms and Conditions first incorporated into the Grant Award on November 24, 2023, contained a new and additional basis upon which ONR may unilaterally terminate the Grant Award: "If the award no longer effectuates the program goals or agency priorities."[14] Should ONR decide to terminate an award under this

---

[8] **Exhibit 1,** ONR Grant Award N00014-22-1-2844 dated September 27, 2022.
[9] *Id.*
[10] **Exhibit 2,** ONR Grant Award Modification No. 1 dated March 30, 2023.
[11] **Exhibit 3,** ONR Grant Award Modification No. 2 dated November 24, 2023.
[12] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 44.
[13] *Id.*, at 2 ¶ 29 (capitalization in original).
[14] DoD R&D General Terms and Conditions, September 2023, at 53, Sec. C(1)(a)(iii), *available at* https://www.onr.navy.mil/media/document/dod-research-and-development-rd-general-terms-and-conditions-september-2023. The other bases upon which ONR may unilaterally terminate a grant

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 4 of 16

new basis, that is, when an award no longer effectuates program goals or agency priorities, ONR would necessarily be required to demonstrate the basis for its reliance on such provision.[15]

On April 30, 2025, Launch Alaska received a letter from Veronica Y. Lacey, ONR Grants Officer, informing Launch Alaska that the Grant Award was "terminated in its entirety as it no longer effectuates the program goals or agency priorities as set forth in SECDEF MEMO dated March 20, 2025."[16]

The "SECDEF MEMO dated March 20, 2025" and referenced as the basis for why the Grant Award no longer effectuates program goals or agency priorities, is a one-page memorandum issued by Secretary of Defense Pete Hegseth stating that Mr. Hegseth desires to "strategically rebuild our military, restore accountability to the Department of Defense (DoD), cut wasteful spending, and implement the President's orders . . . ."[17] The SECDEF MEMO makes no mention of the Grant Award, let alone explain why Launch Alaska's performance under the Grant Award "no longer effectuates the program goals or agency priorities."[18] The one-page SECDEF MEMO makes one oblique reference to grant awards generally by stating: "We identified over $360 million in additional grants across the Department which fund research efforts and other activities – in areas of Diversity, Equity,

---

award are (1) the grantee's material failure to comply with award terms and conditions; or (2) lack of funds for an upcoming increment if the award is incrementally funded. Id., Sec. C(1)(a)(i) and (ii).

[15] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 47.
[16] **Exhibit 4,** Notice of Termination of Grant Award dated April 30, 2024 (the "Notice of Termination").
[17] **Exhibit 5,** SECDEF MEMO dated March 20, 2025, at 1.
[18] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 50.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141 Page 5 of 16

and Inclusion and related social programs, climate change, social science, Covid-19 pandemic response, and other areas – that are not aligned with DoD priorities."[19]

Given that the Notice of Termination provided no substantive explanation for why ONR terminated the Grant Award, and review of the SECDEF MEMO referenced in the Notice of Termination also provided no explanation, Launch Alaska filed its administrative Notice of Claim/Appeal on May 1, 2025.[20]

In its Notice of Claim/Appeal, Launch Alaska stated that the Notice of Termination "provides no information as to *how* or *why* the Award no longer effectuates program goals or agency priorities . . . [and] Launch Alaska is otherwise unable to discern and respond to the Agency's contention as no substantive reasons for the termination were provided."[21] Launch Alaska argued, ONR's termination of the Grant Award was arbitrary, capricious, and violated other provisions of federal law.[22]

On June 12, 2025, ONR issued its Decision on Appeal of Termination of Grant N00014-22-1-2844 to Launch Alaska.[23] ONR acknowledged that Launch Alaska was requesting that "ONR reverse termination of the Grant" but, ultimately, ONR's decision was to "sustain[] the termination and [] not reinstate the Grant."[24] ONR's Decision provided no additional substantive facts or analysis explaining why the Grant Award was terminated

---

[19] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 51.
[20] **Exhibit 6,** Acknowledgment of Notice of Termination and Notice of Claim/Appeal dated May 1, 2025.
[21] *Id.*, at 2.
[22] *Id.*
[23] **Exhibit 7,** ONR's Decision on Appeal of Termination of Grant N00014-22-1-2844 to Launch Alaska.
[24] *Id.*, at 1.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 6 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 6 of 16

and referred again to the SECDEF MEMO.[25] Under the heading "**Rationale**," ONR provided an argument as to why, in its view, the Administrative Procedure Act does not apply to the termination of the Grant Award (a legal premise for which Launch Alaska disagrees), but provided no actual "rationale" for how or why Launch Alaska's performance under the Grant Award "no longer effectuates program goals or agency priorities."[26]

ONR specified that its Decision was a "final administrative decision" and "cannot be further appealed within DoD."[27] Launch Alaska exhausted all required administrative remedies prior to filing suit.[28] ONR's Decision was inherently arbitrary, capricious, and without legal basis given that ONR cannot cite *any* reasons supporting its position that Launch Alaska's performance under the Grant Award "no longer effectuates program goals or agency priorities."[29] An oblique reference to the SECDEF MEMO says nothing about Launch Alaska's performance under *this* Grant Award and whether performance under *this* Grant Award continues to effectuate program goals or agency policies.[30]

IV. ARGUMENT

Launch Alaska meets all four elements needed for entry of a preliminary injunction and the Court should enter an order directing ONR to rescind its termination of the Grant Award.

---

[25] *Id.*, at 2-3.
[26] *Id.*, at 3.
[27] *Id.*, at 4.
[28] Launch Alaska's Verified Complaint for Injunctive Relief at ¶ 59.
[29] Id. at ¶ 60.
[30] Id. at ¶ 60.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141     Page 7 of 16
Case 3:25-cv-00141-GMS     Document 8     Filed 07/03/25     Page 7 of 16

### a. Launch Alaska is likely to Succeed on the Merits

Launch Alaska is likely to succeed on the merits of this case. ONR acted arbitrarily and capriciously when it terminated the Grant Award.[31] There was no substantive reason given by ONR for the grant termination. The SECDEF MEMO dated March 20, 2025 is a one-page memorandum that does not even mention the Grant Award. This memorandum provides no explanation for why Launch Alaska's actions under the Grant Award "no longer effectuates the program goals or agency priorities." The one-page SECDEF MEMO makes one oblique reference to grant awards generally by stating: "We identified over $360 million in additional grants across the Department which fund research efforts and other activities – in areas of Diversity, Equity, and Inclusion and related social programs, climate change, social science, Covid-19 pandemic response, and other areas – that are not aligned with DoD priorities."

However, this is not an explanation for why Launch Alaska's Grant Award does not align with DoD priorities. On the contrary, Launch Alaska's Grant Award does align with DoD priorities. Launch Alaska's Grant Award focuses on projects that create innovative technology that goes towards helping the military and energy, transportation and industrial systems. This aligns with DoD's priorities and the public interest, i.e., ONR's generalized assertion to the contrary lacks merit.

---

[31] A court should hold an agency's actions unlawful when they are found to be arbitrary and capricious. 5 U.S.C.A. § 706 (2)(A); *see also WildEarth Guardians v. United States Dep't of Agric. Animal & Plant Health Inspection Serv. Wildlife Servs.*, 135 F.4th 717, 726 (9th Cir. 2025).

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141　　　　Page 8 of 16
Case 3:25-cv-00141-GMS　　Document 8　　Filed 07/03/25　　Page 8 of 16

On June 12, 2025, ONR issued its Decision on Appeal of Termination of Grant N00014-22-1-2844 to Launch Alaska.[32] ONR acknowledged that Launch Alaska was requesting that "ONR reverse termination of the Grant" but, ultimately, ONR's decision was to "sustain[] the termination and [] not reinstate the Grant."[33] ONR's Decision provided no additional substantive facts or analysis explaining why the Grant Award was terminated and referred again to the SECDEF MEMO.[34]

ONR's Decision was inherently arbitrary, capricious, and without legal basis given that ONR cannot cite *any* reasons supporting its position that Launch Alaska's performance under the Grant Award "no longer effectuates program goals or agency priorities." An oblique reference to the SECDEF MEMO says nothing about Launch Alaska's performance under *this* Grant Award and whether performance under *this* Grant Award continues to effectuate program goals or agency policies.

ONR cited the *Department of Education v. California* Supreme Court case in its Decision. However, Launch Alaska notes that in such case the Supreme Court of the United States only granted an emergency application. There have been no substantive rulings issued, and as such, district courts are bound to follow the well-worn precedent in the context of the APA. As Justice Kagan stated in her dissent to order granting the emergency application in *Department of Education v. California*:

> The general rule is that APA actions go to district courts, even when a remedial order "may result in the disbursement of funds." *Ante*, at 968

---

[32] **Exhibit 7,** ONR's Decision on Appeal of Termination of Grant N00014-22-1-2844 to Launch Alaska.
[33] *Id.*, at 1.
[34] *Id.*, at 2-3.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141       Page 9 of 16
Case 3:25-cv-00141-GMS     Document 8     Filed 07/03/25     Page 9 of 16

(citing *Bowen v. Massachusetts*, 487 U.S. 879, 910, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988)). To support a different result here, the Court relies exclusively on *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). But *Great-West* was *not* brought under the APA, as the Court took care to note. See *id.,* at 212, 122 S.Ct. 708 (distinguishing *Bowen* for that reason). So the Court's reasoning is at the least under-developed, and very possibly wrong.[35]

Since the merits of *Department of Education v. California* have yet to be decided, it is important for district courts to stand by the APA's statutory command and corresponding caselaw precedent holding that injunctive relief is available under the APA.

### b. Launch Alaska is Suffering Irreparable Harm

When Launch Alaksa was informed that the Grant Award was likely to be terminated, it immediately tried to prevent this outcome and mitigate any losses. Launch Alaska contacted United States Senator Dan Sullivan for assistance. Senator Sullivan's office contacted ONR and requested additional information on the termination of the Grant Award.[36] While Senator Sullivan's office was provided slightly more information than Launch Alaska was provided in ONR's Decision, ONR still refused to explain how this Grant Award no longer effectuates program or agency goals beyond conclusory references to the SECDEF MEMO.

Importantly, in response to Senator Sullivan, ONR indicated that no alternatives lesser than grant termination were considered, and ONR failed to conduct a "programmatic review of the consequences of terminating this project" or perform a "risk assessment or

---

[35] *Dep't of Educ. v. California*, *Kagan Dissenting*, 145 S. Ct. 966, 969, 221 L. Ed. 2d 515 (2025)(emphasis in the original).

[36] **Exhibit 8**, Department of Defense Information Paper dated June 3, 2025.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 10 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 10 of 16

cost-benefit analysis associated with halting the project."[37] In other words, ONR's termination of the Grand Award was hasty and rushed. Rather than provide substantive details on the bases for terminating the Grant Award, ONR simply stated: "This termination was directed by OSD [Office of the Secretary of Defense]."[38] But, of course, the SECDEF MEMO says nothing about the termination of *this* Grant Award.

Senator Sullivan's office was not able to convince ONR to provide substantive reasons for ONR's termination of the Grant Award, let alone convince ONR to reinstate the Grant Award, and Launch Alaska has suffered and will continue to suffer harm due to the termination of the Grant Award.

Without the funding provided by the Grant Award, Launch Alaska has been forced to pay for budgeted indirect costs (administrative overhead, facilities, etc.) that would have been covered under the Grant Award but which are now unfunded. To cover shortfalls caused by the termination, unrestricted funds have been diverted from other strategic initiatives, effectively preventing those initiatives from proceeding. In addition, the unexpected and unplanned cash shortfalls have severely reduced the financial stability of Launch Alaska.

If funding is not restored under the Grant Award in the immediate future, Launch Alaska will be forced to terminate existing contracts, perform widespread staff layoffs, send cancellations to all of the applicants to the 2025 accelerator program, and shut down the accelerator program indefinitely.

---

[37] *Id.*, at 1-2.
[38] *Id.*, at 2.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 11 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 11 of 16

### c. The Balance of Equities Tips in Launch Alaska's Favor

The balance of equities means determining whether the hardship experienced by the plaintiff outweighs the hardship faced by the defendant.[39] Launch Alaska is a small nonprofit organization that relied upon the Grant Award. As explained above, Launch Alaska is now facing irreparable harm due to the grant's termination. Whereas ONR does not face a comparable hardship. ONR is a large, government funded agency that does not face the same challenges as Launch Alaska. Launch Alaska's financial stability has been reduced and the organization risks having to potentially shut down the accelerator program indefinitely.

Importantly, ONR modified the Grant Award on November 24, 2023, just *five months* prior to termination of the Grant Award, to authorize the payment of *all* remaining funds under the Grant Award. In other words, ONR planned to pay out the entirety of the Grant Award prior to its hasty termination. Launch Alaska, which was in no position to reasonably foresee that ONR would suddenly desire to defund a grant supporting work assisting ONR's key mission objectives, must suffer the hardship. ONR has failed to provide any lawful basis for its termination of the Grant Award and can provide no credible explanation of potential hardship should this Motion be granted. The balance of equities tips in Launch Alaska's favor.

### d. A Preliminary Injunction is in the Public Interest

---

[39] *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 157 (2010).

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 12 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 12 of 16

Launch Alaska's work funded by the Grant Award is in the public interest. Launch Alaska ensures that innovations resulting from research make their way into the field, which significantly enhances technological capabilities in areas critical to the Navy, notably within the realms of energy innovation and Arctic operations. Situated in the United States' sole Arctic state, Launch Alaska is uniquely positioned to leverage the distinctive challenges and opportunities of the Arctic environment, fostering tailored solutions that directly support Naval initiatives. The synergies between Launch Alaska's focus on advancing energy technologies and the Navy's need for reliable, efficient energy sources in remote operations are well complemented.

By bridging the gap between emerging technologies and operational readiness, Launch Alaska not only promotes innovation but also aligns with ONR's commitment to ensuring that Naval forces are prepared to meet the complex demands of the future, particularly in an evolving Arctic landscape that is increasingly becoming central to national security and marine operations.

Launch Alaska's work under ONR funding supports science and technology programs under numerous divisions within ONR's Departments, including: Command, Control, Computing, Communications, Cyber, Intelligence, Surveillance, Reconnaissance and Targeting (C51SRT) Code 31, Ocean Battlespace Sensing Code 32, Sea Warfare and Weapons Code 33, Warfighter Performance Code 34, and Naval Air Warfare and Weapons Code 35.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141    Page 13 of 16
Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 13 of 16

As recently as June 10, 2025, the Acting Chief Technology Officer for the United States Navy, Justin Fanelli, remarked in an interview with *Strictly VC* podcast that innovative approaches are necessary to ensure innovative technologies reach deployment.[40] Mr. Fanelli further stated that the Department of Defense is increasingly turning to nontraditional partners that bring private capital, startups, and investors into the defense ecosystem,[41] i.e., Mr. Fanelli was praising the exact type of work being completed by Launch Alaska under the Grant Award. Importantly, Mr. Fanelli said the following: "We can evaluate more intelligently how game-changing technologies can support us and help us, and, ultimately, in my opinion, **anyone who is supporting this activity is serving the bigger picture purpose**. That is to say, from a mission perspective, I would invite anyone who wants to serve the greater mission, from a solution perspective, to lean in and to join us in this journey."[42]

Launch Alaska has been and desires to continue to serve the "bigger picture purpose" described by Mr. Fanelli, that is, Launch Alaska's work has and will continue to promote agency policy and goals.

At a recent hearing of the United States Senate held on June 11, 2025, the Chairman of the Joint Chiefs of Staff, General John D. Caine, remarked: "We're relentless in our pursuit of innovation and technology that allows us to hopefully deter war at every opportunity while ensuring that we're positioned to win should we be called upon to do

---

[40] *Available at* [The U.S. Navy says 'welcome ab… - StrictlyVC Download - Apple Podcasts](#) (last visited June 27, 2025).
[41] *Id.*
[42] *Id.*

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141        Page 14 of 16

Case 3:25-cv-00141-GMS    Document 8    Filed 07/03/25    Page 14 of 16

so" and "We are relationship entrepreneurs in the joint force, not only working together with our military but our allies and partners, the interagency, and industry to deliver capabilities that we have to have."[43] In other words, General Caine affirmed that the type of work performed by Launch Alaska under the Grant Award is vital to the mission of Armed Forces, and Launch Alaska's specific skill set is imperative in allowing the Armed Forces to achieve their modern goals.

Launch Alaska's mission to accelerate the deployment of innovative technologies in energy, transportation, and industry aligns with several of the objectives of President Trump's Executive Order 14153.[44] Launch Alaska agrees with the President that by developing Alaska's many natural resources, prosperity and economic growth will be delivered to Alaskans, along with price relief, high quality jobs, energy dominance, and increased energy security. In achieving these goals, Launch Alaska's approach explores all resources available to communities, including innovative technologies. By supporting projects that enhance Alaska's energy infrastructure, Launch Alaska contributes to Alaska's resource utilization goals, and Launch Alaska's efforts to facilitate project deployment can benefit from expedited permitting processes, enabling faster implementation of technology solutions that meet Alaska's and the United States' energy needs.

---

[43] *Available at* [Pete Hegseth testifies at Senate hearing about Trump's defense budget | full video - YouTube](#) (last visited June 27, 2025).
[44] **Exhibit 9,** Executive Order 14153, dated January 20, 2025.

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141         Page 15 of 16
Case 3:25-cv-00141-GMS     Document 8     Filed 07/03/25     Page 15 of 16

Thus, Launch Alaska's current operations align with and advance the goals and policies of the current Presidential Administration, the Department of the Navy, and the Office of Naval Research, i.e., the relief requested herein would serve the public's interest.

## V. CONCLUSION

For the reasons stated herein, Plaintiff requests the Court grant Plaintiff's Motion for a Preliminary Injunction and issue an order directing ONR to rescind its termination of the Grant Award effective April 30, 2025, and to set a preliminary injunction hearing at the Court's earliest convenience.

DATED this 3rd day of July 2025, at Anchorage, Alaska.

GORDON REES SCULLY MANSUKHANI, LLP
Attorneys for Plaintiff Launch Alaska

By: */s/ John R. Crone*
John R. Crone
Alaska Bar No. 121109

LAUNCH ALASKA'S MOTION FOR PRELIMINARY INJUNCTION
*Launch Alaska v. Dep't of the Navy, Office of Naval Research*, Case No. 3:25-cv-00141     Page 16 of 16
Case 3:25-cv-00141-GMS     Document 8     Filed 07/03/25     Page 16 of 16